IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES LYONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:20-CV-00035-ECM-SRW |
| CITY OF DOTHAN, ALABAMA, et al., | ) ) ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION[1]

Plaintiff Charles Lyons brings this action against defendants Terry Nelson, in his individual and official capacities, and the City of Dothan, Alabama, alleging false arrest and imprisonment, and mental stress and embarrassment stemming from those events, pursuant to Section 1983 of Title 42 of the United States Code. *See* Doc. 1. Defendant Terry Nelson is a Dothan Police Department investigator employed by defendant City of Dothan, Alabama.

This action is presently before the court on defendants' motion to dismiss. *See* Doc. 6. Plaintiff filed a response to the motion to dismiss, Doc. 11, and defendants filed a reply, Doc. 13. Upon review of the motion and the record, the court concludes that defendants' motion to dismiss is due to be granted.

**1.   Motion to Dismiss Standard**

---

[1] United States District Judge Andrew L. Brasher referred this matter to the undersigned Magistrate Judge to enter a ruling or recommendation on all pretrial matters pursuant to 28 U.S.C. § 636. *See* Doc. 5. Thereafter, the case was reassigned to United States District Judge Emily C. Marks. *See* Doc. 9.

To overcome defendants' Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must incorporate factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Courts considering motions to dismiss first "eliminate any allegations in the complaint that are merely legal conclusions" and, then, determine whether the well-pleaded factual allegations of the complaint—assuming their veracity—"plausibly give rise to an entitlement to relief." *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal*, 550 U.S. 664).

**2.      Background**

Plaintiff commenced this action based upon his arrest and detention, which occurred on February 1, 2017. *See* Doc. 1. Plaintiff alleges that he was arrested and imprisoned on the basis of false information given to the court by a police officer related to allegations that plaintiff used a forged check and on the basis of an "incomplete warrant from Houston County for identity theft." *Id.* at 1-2. After defendants filed their motion to dismiss, the court ordered plaintiff to respond to the motion on two occasions, then recommended that the case be dismissed without prejudice for plaintiff's failure to prosecute and to comply with the orders of the court. Docs. 6, 7, 8, 10. Thereafter, plaintiff filed an opposition to the court's recommendation to dismiss his case. Doc. 11. The court vacated its prior report and recommendation, construed plaintiff's opposition as a response to defendants' motion

to dismiss, and ordered defendants to reply to the response. Doc. 12. Defendants filed their reply in a timely manner. Doc. 13. Plaintiff's response to the motion to dismiss contends that his claim is sufficiently stated in accordance with the Federal Rules of Civil Procedure, that the court may exercise subject matter jurisdiction over plaintiff's claim, and that the court should deny defendants' motion to dismiss. *See* Doc. 11.

Defendants' motion to dismiss argues that plaintiffs § 1983 lawsuit is subject to a two-year statute of limitations and that the alleged facts giving rise to plaintiff's claim occurred more than two years before plaintiff commenced this action. Doc. 6. Defendants' reply to plaintiff's response to the motion to dismiss reiterates their contention concerning the expiration of the applicable statute of limitations period and also maintains that plaintiff's failure to respond to defendants' arguments in his response in opposition to the motion to dismiss is grounds for dismissal of his claim. Doc. 13.

**3.     Discussion**

Plaintiff identifies February 1, 2017 as the date on which the alleged false arrest and imprisonment occurred. He cites Alabama Code section 6-2-34(1) in support of his claim, which imposes a six-year statute of limitations for "[a]ctions for any trespass to person or liberty, such as false imprisonment[.]" Ala. Code. § 6-2-34(1). *See* Doc. 1 at 1, Doc. 11 at 1. However, the court finds that any claim for relief presented by the plaintiff arising from actions which occurred on or before January 15, 2018 (two years prior to the filing of the initial complaint) is barred by the two-year period of limitations applicable to 42 U.S.C. § 1983 actions filed in this court. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (The proper statute of limitations for § 1983 suits is the forum state's general or residual state of limitations for personal injury actions.); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir.

2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."). Plaintiff's claim was brought in Alabama, where the governing limitations period is two years. *See* Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, plaintiff was required to file his lawsuit within two years from the date the limitations period began to run. The limitations period for a § 1983 claim seeking damages for false arrest begins to run when the claimant becomes detained pursuant to legal process. *See Shepherd v. Wilson*, 663 F. App'x. 813, 817 (11th Cir. 2016) (citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). Thus, the claim plaintiff seeks to present regarding actions that occurred prior to January 15, 2018 is barred by the applicable two-year period of limitations. Since the expiration of the statute of limitations period is, alone, sufficient to dismiss plaintiff's claim, the court does not reach defendants' argument that plaintiff's claims should be dismissed for his failure to respond to their motion to dismiss on statute of limitations grounds.[2]

---

[2] Defendants' motion to dismiss contends that plaintiff's complaint was filed "almost three years after his arrest and nearly a year after the expiration of the limitations period" dictated by § 1983 and Alabama state law. *See* Doc. 6. Plaintiff's "Opposition to Recommendation Motion to Dismiss," maintains only that plaintiff's claim is stated sufficiently and that the court may properly exercise subject matter jurisdiction over plaintiff's claim. *See* Doc. 11. While plaintiff briefly references Ala. Code. § 6-2-34(1), Doc. 11 at 1, which has a six-year statute of limitations, plaintiff's response fails to address the merits of the defendants' contention that the two-year statute of limitations period is applicable to preclude plaintiff from seeking relief under § 1983, and makes no factual allegations which would constitute a basis for asserting any § 1983 claim within the proper limitations period. Plaintiff's failure to respond substantively to defendants' statute of limitations argument may constitute abandonment of any possible contention that a different statute of limitations applies. *See Coalition for the Abolition of Marijuana v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (plaintiff's failure to brief and argue an issue before the district court was grounds for finding that issue abandoned); *Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (plaintiff's failure to respond to claims in a

**4.** **Conclusion**

Accordingly, is it the RECOMMENDATION of the magistrate judge that:

1. Defendants' motion to dismiss (Doc. 6) be GRANTED.

2. Plaintiff's claim be DISMISSED.

On or before November 4, 2020, the parties may file objections to this Report and Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the recommendations of the magistrate judge shall bar a party from a *de novo* determination by the district court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon the grounds of plain error if necessary in the interests of justice. 11 Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 966 F.2d 1144, 1149 (11th Cir. 1993) (per curiam); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

It is further ORDERED that the clerk of the court is DIRECTED to serve a copy of this recommendation on plaintiff Charles Lyons at the address provided in his complaint.

Done, on this the 20th day of October, 2020.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge

---

defendant's motion to dismiss resulted in dismissal of those claims as abandoned). However, the court need not reach the abandonment issue to resolve the motion to dismiss.